IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JOHN DEE CARRUTH, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 15-cv-01089 |
| | ) |
| | ) **OPPOSED** |
| **SMYTH WINTER FORD LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION TO COMPEL

Come Now Defendants Justice D. "Jay" Smith, Albert G. Lewis, III, and Lewis Smyth Ford LLC (collectively, the "Defendants" or "LSF"), and move this Court to enter an order compelling the Plaintiff to fully and completely provide documents in response to LSF's Requests for Production. In support of this motion, LSF states as follows:

[**	The Defendants show unto the Court that they have satisfied their requirements under the Federal Rules of Civil Procedure and this Court's local practice by conferring with the Plaintiff regarding this discovery dispute before seeking redress with the Court.]

## BACKGROUND

1.	As the Court is aware, this case primarily concerns the facts and circumstances concerning the Alabama Credit Union Association's ("ACUA") decision (a) to suspend Plaintiff in February 2014 from his position at Alabama One

Credit Union ("AOCU"), and (b) then, in August 2015, to place AOCU into conservatorship and terminate Plaintiff from his position at the AOCU. [See Second Amended Compl., ¶¶ 2, 3, 11, 12, 14, 98, 99, 176]. According to the Plaintiff, Plaintiff was terminated and the AOCU conserved not because of any misdeeds by Plaintiff or AOCU, but solely because of pressure tactics by LSF on the Governor's office which, in turn, made directives and demands upon the governing regulatory agencies over the AOCU (the ACUA and NCUA), all for the purpose of soliciting favorable settlements in litigation against AOCU. [See Second Amended Compl., ¶¶ 2, 3, 12, 13, 65, 75, 101, 114, 160, 176, 182-186]. Indeed, according to Plaintiff, for example, a "review of the Order of Conservatorship and the Addendum thereto makes it clear that the ACUA failed to make adequate or proper predicate findings required to place Alabama One into conservatorship; rather, the ACUA relied on unsubstantiated and unsupportable conclusions based on inaccurate and incomplete 'facts." [See Second Amended Compl., ¶ 180].

## The Second Amended Complaint

2. Plaintiff's Second Amended Complaint is almost 90 pages long and attempts to paint a laundry list of scandalous connections based upon a host of alleged facts obtained in separate litigation in which the Plaintiff and his legal counsel are involved but LSF is not.

3.	In the Second Amended Complaint, as applicable to the instant discovery issue, Plaintiff invokes and recites various items of documents and testimony (relating to the regulatory action taken by the ACUA and NCUA) as forming the basis of the instant litigation against LSF, including:

>	a. *The deposition testimony of Larry Morgan*,
>	[see Second Amended Compl., ¶¶ 10, 12, 36, 52, 54, 77, 89, 102, 104, 106, 107, 110, 111, 112, 126, 155],
>
>	b. *The audits of an outside law firm and accounting firm*,
>	[see Second Amended Compl., ¶¶ 44-48, 136],
>
>	c. *ACUA correspondence and communications*,
>	[see Second Amended Compl., ¶¶ 49, 50, 51, 140-141],
>
>	d. *Contact Examination Report*,
>	[see Second Amended Compl., ¶¶ 53, 136],
>
>	e. *Audit of Carr Riggs*,
>	[see Second Amended Compl., ¶¶ 138-139],
>
>	f. *Joint examination conducted by the ACUA and NCUA*,
>	[see Second Amended Compl., ¶¶ 139, 143],
>
>	g. *A management report*,
>	[see Second Amended Compl., ¶ 146],
>
>	g. *A cease and desist letter issued by the ACUA*,
>	[see Second Amended Compl., ¶¶ 147-149, 154],
>
>	h. *Report provided by the ACUA*,
>	[see Second Amended Compl., ¶¶ 151-152]
>
>	i.	*The Conservatorship order issued on August 27, 2015, "and the Addendum thereto"*,
>	[see Second Amended Compl., ¶¶ 176-180].

4.      In his Initial Disclosures (**Exhibit A** hereto), dated May 6, 2016, Plaintiff identified the following "documents that may be used to support claims or defenses:"

>   a. "All documents referenced in the Second Amended Complaint in this action",
>
>   b. "Communications between Alabama One and state and federal regulators regarding the regulatory examinations of Alabama One", and,
>
>   c. "Deposition transcripts from the . . . appeal of the Cease and Desist Order issued against Alabama One on April 2, 2015."

### LSF's Discovery to the Plaintiff

5.      As with any civil lawsuit, LSF served written discovery on the Plaintiff, including Interrogatories and Requests for Production (**Exhibit B** hereto). In its Requests for Production, LSF sought production of the documents referenced in the Second Amended Complaint and the Plaintiff's Initial Disclosures.

6.      As applicable to the discovery issue before the Court, these included the following:

>   "4.    All documents relied upon or utilized by you in drafting the Complaint, as amended."
>
>   "6.    A complete copy of the depositions of Larry Morgan referenced in your Complaint, as amended, including the deposition taken on June 2, 2015."
>
>   "8.    All documents concerning and relating to all regulatory enforcement actions referenced in your Complaint, as amended."

"9.    The Addendum to the Conservatorship Order of August 2015 referenced in paragraph 180 of the Complaint, as amended."

"10.   All documents concerning and relating to the Alabama Credit Union Association and the National Credit Union Association from January 1, 2006 to the present."

"11.   The transcripts of depositions taken in the state court conservatorship proceedings (include Tuscaloosa County Civil Action Case Numbers CV-15-900960 and CV-15-900964), including any depositions given by John Dee Carruth, Sarah Moore, Lloyd Moore, Steve Nix, Joey Hand, Linda Cencule, Charles Faulkner, Greg McCellan, Greta Webb-Williams, Ralph Atrice, Jeff Russell, Floyd Moore, Jack Ham, Doug Deese, Whitney Oswalt, Bill Wells and Larry Morgan, Tim Powell, Denise Crawford, Edwin Harrell, Carlie West, Darlene Wallace, A.D. Sanders, Larry Sexton, Richard Powell, Jerry Hewitt, Paul Toppins., David Harris, and Martie Patton."

"13.   All documents concerning and relating to the investigation performed by the law firm of Bradley, Arant, Bolt Cummings LLP in their investigation referenced in the Complaint."

"14.   All documents concerning and relating to Pearce, Bevill, Leesburg, Moore PC as referenced in your Complaint, as amended."

"15.   All Examination Reports referenced in your Complaint, as amended."

"19.   Any and all written statements, documents, things, memoranda, reports, or other items in your possession relating to the events in question and the alleged wrongful acts of these Defendants which are made the basis of this lawsuit."

"20.   All documents, emails, correspondence, pdfs, facsimiles, tifs, and other materials concerning and relating to this Defendants, including all emails and written correspondence to or from the Defendants."

>"22. All documents, emails, deposition transcripts, memorandums, etc. referenced by you in the Complaint, as amended."
>
>"30. The communications between Alabama One and state and federal regulators regarding the regulatory examinations of Alabama One as referenced in your Initial Disclosures;"
>
>"32. The deposition transcripts from the Smyth lawsuits and from the appeal of the Cease and Desist Order issued against Alabama One on April 2, 2015 as referenced in your Initial Disclosures";

7. In response, Plaintiff objected and altogether withheld certain documents and redacted others, including many of the documents referenced in the Second Amended Complaint and his Initial Disclosures, because of a regulatory privilege (12 C.F.R. § 792.11(5)) that purportedly exists as asserted by non-parties Alabama Credit Union Association and the National Credit Union Association:

>"Plaintiff objects to each Interrogatory and Request to the extent it seeks information or documents that the Alabama Credit Union Administration ("ACUA") and/or National Credit Union Administration ("NCUA") contend are statutorily protected from disclosure. . . . . Plaintiff cannot disclose the Disputed Information until the issue of statutory protection is resolved….

[See RFP Responses, **Exhibit B** hereto][See also 10/31/16 & 11/3/16 LTRS outlining categories of withheld documents, **Exhibits C & D** hereto] This motion to compel is directed to those documents which Plaintiff injects into this case but fails to produce due to the privilege assertion of the ACUA and NCUA.

## ARGUMENT

8. As an initial point, there is no allegation or assertion that the discovery requests at issue are overly broad, overly burdensome, or seek information and documents wholly irrelevant to this case. To the contrary, LSF's requests for production seek documents that clearly are relevant to the allegations in the Complaint and which are specifically referenced in the Plaintiff's Initial Disclosures.

9. It goes without saying that Rule 26(b)(1), Fed. R. Civ. P., provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Under this rule, relevancy has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

10. Here, as stated above, the issue is not one of relevancy or scope. Indeed, the Plaintiff's Second Amended Complaint and his Initial Disclosures clearly make the requested documents relevant. Moreover, these documents clearly are in Plaintiff's possession because Plaintiff identifies them in his Initial Disclosures as documents in the Plaintiff's possession, custody or control that he may use to support his claims. See Rule 26(a)(1)(ii), Fed.R. Civ. P. (discussing a party's Initial Disclosure obligations).

11.	That these documents may be subject to a regulatory privilege asserted by a non-party should not permit Plaintiff to reference them in his Complaint and Initial Disclosures as documents he may use in support of his claims against LSF; yet, refuse to provide them in response to a duly issued request for production.

12.	While Rule 26 states that a party may seek discovery of nonprivileged matters, privileges certainly can be waived or ordered to be set aside by the Court under the appropriate circumstances with the appropriate safeguards in place.

13.	Here, the Defendants do not seek to pierce a privilege involving the Plaintiff, such as an attorney-client or work product privilege.  Instead, LSF simply desires production of the documents that the Plaintiff, himself, interjects into the lawsuit.  Indeed, the very privilege that the ACUA asserts clearly is one that is malleable and not absolute as shown by the fact that the Plaintiff, himself, has obtained possession of these documents.  In other words, LSF submits that the privilege has been waived because the ACUA (when it did not have to) already has produced these documents to the Plaintiff.  See, e.g., McBride v. Houston County Health Care Authority, 2014 WL 707166 (M.D. Ala. 2014)(noting that the attorney-client privilege can be waived and that a party cannot use the privilege to prejudice his opponent's case or to disclose some selected communications).

14. Given that the materials at issue are expressly referenced in the Complaint and the Plaintiff's Initial Disclosures, there can be no contest to the fact that there is a particularized need by LSF to these materials. Further, there can be no contest, as least from LSF's perspective, that the need for disclosure is far greater than the need for continued secrecy.  Finally, it cannot be contested that, without the requested materials, LSF's "defense would be greatly prejudiced [and] . . . an injustice would be done."  See, e.g., Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-222 (1979)(discussing the privilege associated with grand jury proceeding materials).

15. As a means of allaying any confidentiality concerns of the Plaintiff and the ACUA, LSF has offered to, and again renews its agreement to, enter into a protective order that will protect the confidentiality of these documents and materials during the course of this litigation.

WHEREFORE, the Defendants respectfully request the Court enter an order compelling the Plaintiff to produce each and every document being withheld subject to the privilege asserted by non-party Alabama Credit Union Association and National Credit Union Association.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR. ASB-3422-F55R
PHILIP A. SELLERS, II ASB-7172-C12F
Attorneys for Defendants

>Justice "Jay" Smyth, Albert G. Lewis, III
>and Lewis Smyth Ford LLC

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
   & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3126 Telephone
(334) 481-0815 Facsimile
rah2@rushtonstakely.com
psellers@rushtonstakely.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed a copy of the foregoing by filing a copy with CM/ECF on November 11, 2016, which will send a copy to the following:

    Jeven R. Sloan, Esq.

>/s/ R. Austin Huffaker, Jr.
>OF COUNSEL