FILED
2018 Feb-09 PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JOHN DEE CARRUTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUSTICE D. SMYTH, III, et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) | 7:15-cv-1089-LSC |

**MEMORANDUM OF OPINION**

Before the Court is Defendants' Motion to Dismiss Justice D. "Jay" Smyth, III as a Defendant. (Doc. 154.) This motion has been fully briefed and is ripe for decision. For the following reasons, the Court determines the claims against Defendant Justice D. "Jay" Smyth ("Defendant Smyth") are due to be DISMISSED.

**I. FACTS**

Defendant Smyth passed away on February 10, 2017.[1] On February 16, 2017, counsel for Defendants filed a Suggestion of Death; a certificate of service showed

---

[1] The Court solely recounts the relevant facts to the present motion to dismiss, as prior Memoranda of Opinion and Order have sufficiently presented the factual and procedural history of this action. (*See* Docs. 75, 127, & 168.)

that copies of the Suggestion were served on Plaintiff's counsel. (*See* Doc. 121 at 1-2.)

Plaintiff's counsel states he and members of his firm diligently sought to identify the proper party to substitute in place of Defendant Smyth. (Doc. 156 Ex. 1 ¶ 2.) No estate has been opened for Defendant Smyth since his passing. Plaintiff spoke with Defendants' counsel about the opening of an estate that could be substituted for Defendant Smyth. Defendants' counsel stated that "there is no estate for [Defendant] Smyth, nor is there any present intent to probate one." (*Id.* Ex. 2.) Plaintiff also monitored the Tuscaloosa Probate Records to see if any other party had filed a petition to open an estate for Defendant Smyth, but as of August 2017 no estate had been opened. Plaintiff determined that in the absence of an estate, "the proper parties to substitute would likely be [Defendant] Smyth's widow and children as 'successors'." (Doc. 156 at 4.)

Since the February 16, 2017, Suggestion of Death, Plaintiff has not filed a motion to substitute a party for Defendant Smyth or asked the Court for a continuance of time in order to open an estate. Plaintiff did not serve Defendant Smyth's wife and children, even though he believed them to be Defendant Smyth's successors, as he "wanted to avoid any harm or suffering to the family that would otherwise be caused by having a process server show up unannounced to serve

them personally with process." (Doc. 156 Ex. 1 at 4.) Defendants' counsel filed the current Motion to Dismiss, arguing that this Court dismissed a deceased party-defendant in *Graham v. TASA Group*, 2:13-cv-00748-LSC, 2015 WL 875228 (N.D. Ala. Mar. 2, 2015) for plaintiff's failure to substitute under almost "identical circumstances." (Doc. 154 at 2.) The Court instructed Plaintiff to show cause why Defendant Smyth should not be dismissed from this action due to Plaintiff's violation of Federal Rule of Civil Procedure 25. (*See* Doc. 155.) Plaintiff filed his Response in Opposition to Defendants' Motion on August 23, 2017, in which he also requests an extension of time to file a motion for substitution. (*See* Doc. 156.)

## II. Discussion

Federal Rule of Civil Procedure 25 allows for substitution in the event that a party dies. According to Rule 25:

> [a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The motion to substitute along with a notice of hearing must be served on the parties as provided in Rule 5 and nonparties as provided in Rule 4. Fed. R. Civ. P. 25(a)(3). While "Rule 25(a)(1) requires service, . . . it does not say which nonparties must be served" in order to start the ninety-day clock for a motion for substitution. *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir.

2008). The parties' dispute focuses on whether Defendants' Suggestion of Death was sufficient to start the ninety-day deadline under Rule 25(a)(1).

Defendants' motion, which argues that Defendant Smyth is subject to dismissal despite the nonservice of the Suggestion of Death upon his personal representatives or successors, is based upon this Court's holding in *Graham*, 2015 WL 875228. In *Graham*, this Court explicitly rejected Plaintiff's interpretation of Rule 25 that the ninety-day deadline did not begin until the deceased-defendant's personal representative has been served. As with the plaintiff in *Graham*, without citing any rule or case with precedential value in support, Plaintiff argues that the Suggestion of Death has to be served on Defendant Smyth's legal representative to start the ninety-day deadline to file a motion for substitution because that person is an appropriate non-party to this lawsuit. Plaintiff does not dispute that *he* was properly served under Rule 25(a). Even if Defendant Smyth's legal representative or successor could be considered a proper non-party to this lawsuit such that he or she had to also be served with the Suggestion of Death—again Plaintiff submits no binding authority to the Court to support such an argument—Plaintiff cannot now complain about an alleged defect in service to a non-existent, non-party and use that as an excuse for his failure to file a timely motion to substitute a party as required under Rule 25(a)(1). Likewise, Plaintiff argues that the Suggestion of

Death must identify Defendant Smyth's personal representative or successor in order to start the ninety-day deadline, but Rule 25(a) nowhere mandates such a requirement, nor does any binding authority on this Court. *See* Fed. R. Civ. P. 25.

Plaintiff's argument that Defendants must serve the Suggestion of Death upon a non-existent, non-party makes little sense. After a defendant's death, a plaintiff cannot legally recover any judgment against that defendant. Instead, a plaintiff must assert a claim against the estate of the defendant as a creditor. That Plaintiff has "undertook significant efforts to attempt to identify the proper parties to substitute for Mr. Smyth" and "further determined that, at the appropriate time, the proper parties to substitute would likely be Mr. Smyth's widow and children as 'successors'" is an exercise in academics, as Plaintiff cannot substitute those parties until they are administrators of the estate. Defendants' counsel could not have served the Suggestion of Death upon the "personal representative" or "successor" to Defendant Smyth, because at the time of the filing of the Suggestion of Death those parties did not exist. *See John Hancock Life Ins. Co. v. Allen*, No. CIV.A. 13-0613-WS-B, 2014 WL 7336922, at *5 n.12 (S.D. Ala. Dec. 22, 2014) ("If the February 2012 Last Will and Testament of Ulysses Allen is admitted to probate (effectuating the terms of that document naming Ms. Walker as the executor of said Will), or if Ulysses Allen is deemed to have died intestate and the

Probate Court nonetheless appoints Ms. Walker to administer the estate, then she may indeed have legal authority to speak and act on behalf of the Estate at some future time. . . . At present, however, those outcomes are mere hypotheticals that do not confer upon Ms. Walker the requisite standing to pursue a claim for the Annuity proceeds on behalf of the Estate."). Who acts as a personal representative or successor of Defendant Smyth is a legal determination made by an Alabama state court. *See Henderson v. Briarcliff Nursing Home*, 451 So. 2d 282, 283–84 (Ala. 1984), *overruled on other grounds by Hayes v. Brookwood Hosp.*, 572 So. 2d 1251 (Ala. 1990) ("The term 'personal representative' includes an 'executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status.' Such a status is judicially conferred, . . ." (quoting Ala. Code § 43-8-1(24))).

State law controls the opening of an estate. In Alabama, where Defendant Smyth lived and passed away, if a will has been admitted to probate the judge of that court may issue letters testamentary to the persons named as the executor in such a will. Ala. Code § 43-2-20. If the will fails to name an executor, or the named executors fail to apply within 30 days of probate, the residuary and principle legatees are entitled to letters of administration. Ala. Code § 43-2-27. If the residual or principal legatee fail to apply for letters of administration or are otherwise

unqualified, then the court should grant letters of administration as in a case of intestacy. *Id.*

If a person dies intestate, then courts may grant letters of administration to a person willing to accept in the following order:

(1) The husband or widow;

(2) The next of kin entitled to share in the distribution of the estate;

(3) The largest creditor of the estate residing in this state;

(4) Any other person as the judge of probate may appoint.

Ala. Code § 43-2-42(a). The persons listed in subsections (1)-(3) have priority to apply for letters of administration within forty (40) days after the death of the intestate is known, following that forty-day period those persons are determined to have relinquished their right. Ala. Code § 43-2-43. As in this instance, where the relatives or largest creditor of Defendant Smyth apparently did not apply for letters of administration, Plaintiff was not precluded from doing so himself under Ala. Code § 43-2-42(a)(4) after the expiration of the forty-day period.

If the Court adopted Plaintiff's interpretation of Rule 25, this action would continue indefinitely without a personal representative of Defendant Smyth. It is thus incumbent on Plaintiff to open an estate, as he was plainly aware that no other party had sought to do so, or had any reason to do so. The Court understands that

Plaintiff believes he should not carry the burden of opening an estate in order to avoid dismissal of his action against Defendant Smyth. But Plaintiff has every reason to open the estate for Defendant Smyth—without that estate he cannot recover in this action. Allowing Defendants to enter a Suggestion of Death on the record without requiring service on a non-existent non-party only encourages a quick and efficient substitution by Plaintiff. To insist that Defendants serve a nonexistent, non-party makes no sense and would create an infinite loop whereby no valid Suggestion of Death is ever filed because there is no personal representative of Defendant Smyth. The result being a never-ending case.

Plaintiff knew or should have known that he could open an estate to be substituted for Defendant Smyth—Plaintiff simply chose to instead rely on his own interpretation of Rule 25. Because Plaintiff has not shown how the Suggestion of Death was otherwise invalid. The Court holds as it did in *Graham* that under Rule 25(a)(1) the ninety-day time period for filing of a timely motion for substitution started when the Defendants filed a Suggestion of Death and served it upon Plaintiff. The "filed stamp" for the Suggestion of Death stated it was filed on February 16, 2017; the document itself stated that it was filed and served on Plaintiff's counsel on February 17, 2017. (*See* Doc. 121.) Regardless of this one-day

discrepancy, the deadline for filing a motion for substitution had long expired by the time the Defendants filed their Motion to Dismiss on August 14, 2017.

Rule 25 states that "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).[2] The Eleventh Circuit has held that such dismissal is not mandatory upon a court, which retains the discretion to extend the time a party has to make a motion for substitution. *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017) ("The District Court's ruling was therefore based on its mistaken understanding that it could not extend Rule 25's ninety-day period. But to the contrary, Rule 6(b) permits the court to extend the Rule 25 ninety-day period for good cause with or without motion."); *Id.* ("[T]he history of the 1963 amendment to Rule 25 makes clear that the 90 day

---

[2] Plaintiff additionally argues that the Suggestion of Death was improper because it was filed by Defendant Smyth's former attorney, who ceased to represent Defendant Smyth at his death. He bases this argument on the Advisory Committee Notes to the 1963 Amendments of Rule 25, which state "[i]f a party or the representative of the deceased party desires to limit the time within which another may make the motion [to substitute], he may do so by suggestion the death upon the record." The Court need not dwell long on this argument other than to note that the Suggestion of Death was filed by counsel who represented former Defendant Smyth *and* who continues to represent the remaining Defendants in this action. Under Plaintiff's own logic, counsel ceased to represent Defendant Smyth at his death and currently only represents the remaining Defendants. The Suggestion of Death was filed by counsel to a "party" to this action and fully complies with the quoted section of the Advisory Committee Notes.

Plaintiff additionally argues that Defendants lack standing to move for dismissal of Defendant Smyth. Rule 25 does not require a party move for dismissal, and the plain language of the Rule allows the Court to dismiss on its own initiative. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

period was not intended to act as a bar to otherwise meritorious actions." (quoting *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966))). Plaintiff, nor any other party, has filed a timely motion for extension of time to file a motion for substitution. The Court thus turns to whether it should grant Plaintiff's untimely motion for extension of time under Rule 6(b).

A court may extend the ninety-day period for submission of a motion for substitution where Plaintiff's delay was the result of "excusable neglect." *Lizarazo*, 878 F.3d 1012; *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). In his Response to the Defendants' Motion to Dismiss, Plaintiff has moved for an additional thirty days from the date of the Court's Order to substitute a party for Defendant Smyth.

Because this request for extension of time was made well after the ninety-day deadline, it is untimely. The Court should only grant it if the Plaintiff has shown excusable neglect. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the

movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted). The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The proper factors to consider are:

> (1) the danger of prejudice to the [nonmovant];
>
> (2) the length of the delay and its potential impact on judicial proceedings;
>
> (3) the reason for the delay, including whether it was within the reasonable control of the movant; and
>
> (4) whether the movant acted in good faith.

*Id.* (citing *In re Pioneer Inv. Servs. Co.*, 943 F.2d 673, 677 (6th Cir. 1991)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (relying on *Pioneer Investment Services*' excusable neglect standard to analyze untimely motions for extension of time under Rule 6(b)).

Plaintiff does not advance specific grounds for why his omissions constitute excusable neglect, but instead incorporates the arguments he made *supra* for why he did not timely file the motion for substitution. (*See* Doc. 156 at 2.) These grounds are wholly insufficient. Plaintiff states that he did not file the motion for substitution because the Suggestion of Death did not comply with Rule 25. Plaintiff states that he researched Rule 25(a) to determine its correct application. However,

he either did not find this Court's past interpretation of Rule 25(a) in *Graham* or simply chose to ignore its holding when deciding what he believed to be the correct course of action. The Eleventh Circuit in *Advanced Estimating System, Inc. v. Riney* held that "as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." 130 F.3d 996, 998 (11th Cir. 1997). Plaintiff's delay is caused by his counsel's misunderstanding of the rule based on his choice to rely on non-binding authority. The Court need not rely on this factor alone to find the omission does not constitute excusable neglect. Plaintiff could have at any time filed a motion for additional time or prompted the Court for guidance, but his motion for an extension of time came only after Defendants' motion to dismiss. Given that the Suggestion of Death was served on Plaintiff on February 17, 2017, at the latest, Plaintiff's deadline expired in mid-May 2017. He made no motion for extension of time until some four months later on August 23, 2017.

Defendants have not indicated whether they believe Plaintiff to have acted in good faith. While there is nothing to show that Defendant did not act in good faith, this one factor is not dispositive. Finally, there is plenty prejudice caused by Plaintiff's past delay in substituting another party for Defendant Smyth, and

allowing additional time now for Plaintiff to open an estate and substitute Defendant Smyth would impede the slow going of this case even more. In balance of these factors as stated above, the Court finds that Plaintiff's neglect is not excusable given his extended delay in motioning for substitution of a party, lack of convincing ground for the delay, and prejudice to the progress of litigation in this case.

## III.  CONCLUSION

For the reasons stated above, the claims against Defendant Smyth are due to be DISMISSED. Defendants' Motion to Dismiss is MOOT. An Order consistent with this Opinion will be entered separately.

**DONE** AND **ORDERED** ON FEBRUARY 9, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

190485